IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RITA FLOYD,

    Plaintiff,

v.                                                                   No. CV 11-0287 BB/RHS

NEW MEXICO DEPARTMENT OF CORRECTIONS,
N.M.W.C.F. AT GRANTS, N.M. (WARDEN) HICKSON,
RECORDS MANAGER JUDITH ANDERSON OF
N.M.W.C.F. AT GRANTS, N.M.,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

According to the complaint, when Plaintiff's New Mexico prison term expired, she was immediately turned over to California authorities for extradition. Plaintiff alleges that she was not given a hearing, as required by both California and New Mexico law, before her extradition. She claims that the New Mexico Defendants violated her due process rights by failing to hold a hearing and failing to release her to parole rather than extraditing her. For relief, Plaintiff asks for an order releasing her from custody and awarding compensation for each day of incarceration since her release from confinement in New Mexico.

Plaintiff's claim for release from custody following an alleged procedural due process violation during extradition constitutes a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *and cf. Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. Aug. 21, 2003).

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). The Court thus construes Plaintiff's complaint primarily as a habeas corpus petition under § 2241.

Because Plaintiff is currently confined in California, the Court must transfer or dismiss the petition. As stated by The Court of Appeals for the Tenth Circuit, a district court does not have

jurisdiction of a petition under § 2241 unless the petitioner is confined in the same district. *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) ("[§ 2241 petition] must be filed in the district where the petitioner is confined."); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."); *and see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). In this circumstance, the habeas corpus petition must be either dismissed without prejudice or transferred to California. *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

The Court of Appeals for the Tenth Circuit has noted several factors that should be considered in determining whether to transfer or dismiss a complaint. *See Trujillo*, 465 F.3d at 1223 n.16; *and see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing *Trujillo* factors before transferring second § 2255 motion to court of appeals). The first of these factors is whether a new action against the Defendants would be time-barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). The Court expresses no opinion as to the timeliness of a habeas corpus petition challenging Petitioner's incarceration in California; the Court notes, however, that under the *Heck* analysis below, Plaintiff's claim for monetary compensation is not even ripe at this time. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring § 1983 action).

Another factor is whether Plaintiff's claims against Defendants "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n.16; *Haugh*, 210 F.3d at 1150 n.4. As noted above, Plaintiff alleges a procedural due process violation during her extradition proceeding. No opinion is expressed or implied herein as to whether Plaintiff might prevail on her claims, but she makes no allegation that her incarceration in California is otherwise illegal. Third, on the other hand, the Court has no basis

to conclude that Plaintiff's complaint was not filed in good faith. *See Trujillo*, 465 F.3d at 1223 n.16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Because the *Trujillo* factors weigh in favor of dismissal rather than transfer, and in the interest of justice, *see* 28 U.S.C. § 1631, Plaintiff's § 2241 claims will dismissed without prejudice rather than transferred to a court in California.

Last, although a civil rights action is an appropriate procedural avenue for Plaintiff's claim for compensation, *see Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011), no relief is available on her allegations. Plaintiff's allegation of illegal confinement appears to call into question the constitutionality of the criminal proceedings by which she is incarcerated. The claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The complaint does not allege that Plaintiff's conviction has been set aside, and thus her allegations of illegal confinement fail to state a claim cognizable under § 1983. *See id.* at 486-87. The Court will dismiss this claim without prejudice. *See Fottler*, 73 F.3d at 1065-66.

IT IS THEREFORE ORDERED that Plaintiff's claims for release from confinement, construed herein as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and her claims for compensation based on illegal confinement, are DISMISSED without prejudice; the complaint is DISMISSED without prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE